# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Robert Kenneth Brinson, ) | |
| ) | Criminal No.: 5:92-cr-00387-JMC-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 66.) Petitioner seeks relief from his sentence under *United States v. Johnson*, 135 S. Ct. 2551 (2015). (*Id.* at 2.) For the reasons stated below, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 66) and **GRANTS** Respondent's Motion to Dismiss (ECF No. 72).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 1992, Petitioner was indicted for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c). (ECF No. 1.) On June 15, 1993, Petitioner and the Government entered into a plea agreement by which Petitioner agreed to plead guilty to all charges in the Indictment. (ECF No. 52.) On October 1, 1993, Petitioner was sentenced to a total of 207 months of incarceration and seven (7) years of supervised release for the combined counts. (*Id.*) Petitioner filed a Motion to Correct Sentence which was denied. (ECF Nos. 42, 48.) Petitioner did not appeal his conviction and sentence. On June 27, 2016, Petitioner filed a *pro se*

1

Motion to Vacate under 28 U.S.C. § 2255.[1] (ECF No. 66). On July 26, 2016, Respondent filed a Response to Petitioner's Motion and a Motion to Dismiss. (ECF Nos. 71, 72.) On July 26, 2016, a *Roseboro* order was sent to Petitioner explaining summary judgment and directing Petitioner to respond in 34 days. (ECF No. 73.) On March 17, 2017, Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss (ECF No. 72). (ECF No. 75.)

## II.    LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 2255(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1), (3).

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.).

---

[1] Petitioner asserts in his Motion that he placed his Motion in the prison mailing system on June 24, 2016. (ECF No. 66.) However, the court observes that the prison mailing system date-stamped the envelope on June 27, 2016. (*Id.*)

## III. ANALYSIS

Petitioner asserts that "[i]n light of [*Johnson*], [his] conviction and sentence for violation of 18 U.S.C. § 924(c) are unconstitutional and should be vacated." (ECF No. 66 at 3.) Petitioner also asserts that "as the Supreme Court has invalidated the residual clause of 18 U.S.C. § 924(e) as unconstitutional, the residual clause of 18 U.S.C. § 924(c) is likewise analogously void as a consequence. Therefore the underlying predicate offense can no longer be classified as a 'crime of violence.'" (*Id.* at 4.) Petitioner argues that his conviction for possessing a firearm is not a crime of violence because it lacks the requisite force element. (*Id.* at 2–3.) Petitioner ultimately asserts that his conviction and sentence under 18 U.S.C. § 924(c) are unconstitutional. (*Id.* at 4.) Finally, Petitioner asserts that his Motion is timely filed because it has been filed within one year of *Johnson* being decided.[2] (*Id.* at 4.)

The Court observes that it is unable to tell from the Case Management/Electronic Case File System whether Petitioner was sentenced according to the Armed Career Criminal Act ("ACCA") or the United States Sentencing Guidelines ("USSG"). However, under either guideline, Petitioner's argument that his conviction and sentence was unconstitutional fails.

### A. The Armed Criminal Career Act ("ACCA")

In *Johnson v. United States*, the United States Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in violation of the Fifth Amendment Due Process Clause. 135 S. Ct. at 2563. The residual clause states that a violent felony could include "[crimes that involve] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). *Johnson* was decided on June 26, 2015, and presented a new right for

---

[2] *Johnson* was decided on June 26, 2015, so the one year statute of limitations would end on June 26, 2016. As noted in n.1 Petitioner asserts that his Motion was filed prior to this date on June 24, 2016 (ECF No. 66.) However, the court observes that the prison mailing system date-stamped the envelope on June 27, 2016. (*Id.*)

3

people who were sentenced to a mandatory minimum sentence of fifteen (15) years when a court utilized the residual clause of the statutory definition of violent felony. In *Welch v. United States*, the Supreme Court held that *Johnson* had a retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

The Fourth Circuit addressed whether a bank robbery conviction under 18 U.S.C. § 2113(a) qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3). *McNeal v. United States*, 818 F.3d 141, 152 (4th Cir. 2016). The petitioners had been convicted for bank robbery under 18 U.S.C. § 2113(a) and relied on the holding in *Johnson* to assert that the trial court erred in concluding that an armed bank robbery qualifies as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3). *Id.* at 154. The Fourth Circuit held that "a bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.' Because bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence under the force clause." *Id.* at 157. Thus, petitioners convicted of federal bank robbery sentenced under the ACCA cannot utilize the holding in *Johnson* to collaterally attack their sentences under 28 U.S.C. § 2255. *Id*.

Petitioner makes the same argument as the petitioners in *McNeal* as he relies on the holding in *Johnson* to assert that the district court erred in holding that his armed bank robbery conviction qualified as a crime of violence under 18 U.S.C. § 924(c)(3). (ECF No. 66.) Under *McNeal*, Petitioner's conviction for an armed bank robbery under 18 U.S.C. § 2113(a) is a crime of violence. Therefore, if Petitioner was sentenced under the ACCA, his argument that his conviction and sentence were unconstitutional for being void for vagueness fails.

## B. The United States Sentencing Guidelines ("USSG")

"Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final." *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) (citing 18 U.S.C. § 2255(f)(1); *Clay v. United States*, 123 S. Ct. 1072 (2003)). "However, under § 2255(f)(3), courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from 'the date on which the right asserted was initially recognized by the Supreme Court,' . . . and (3) the Supreme Court or this court has made the right retroactively applicable." *Id.* Petitioner asserted that his Motion was timely under § 2255(f)(3) because it was filed within one year of *Johnson* being decided on June 26, 2015, and *Welch* being decided on April 18, 2016. *See supra* note 1. In order for his Motion to be timely under § 2255(f)(3), Petitioner must rely on a right recognized by the Supreme Court after his judgment became final on October 1, 1993 (ECF No. 55).

In *Beckles v. United States*, the United States Supreme Court held that "[ ] the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 897 (2017). The USSG became advisory pursuant to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). However, if Petitioner was sentenced under the sentencing guidelines, it would have been prior to 2005 and therefore the USSG would have been mandatory at that time. Therefore, if Petitioner was sentenced under the mandatory USSG, Petitioner cannot rely on *Beckles* since its holding is limited to defendants sentenced under the advisory USSG, and the Supreme Court did not address whether its holding applied to those defendants sentenced under the mandatory USSG. *See Beckles*, 137 S. Ct. at 903 n.4.

However, the Fourth Circuit has addressed whether defendants sentenced under the mandatory USSG could utilize the holding in *Johnson* to collaterally attack their sentences under 28 U.S.C. § 2255. *See United States v. Brown*, 868 F.3d 297 (4th Cir. 2017). In *Brown*, the Fourth Circuit held that a § 2255 motion seeking to attack a defendant's sentence imposed under the mandatory USSG does not fall within the statute of limitations in § 2255(f)(3) because the Supreme Court has not recognized a new right entitling the defendant to relief. *See Brown*, 868 F.3d at 304; *see also United States v. Harris*, No. CR 3:00-780-CMC, 2018 WL 1586431, at *2 (D.S.C. Apr. 2, 2018) (citing *Brown*). The holding in *Johnson* concerned the residual clause of the ACCA, not the residual clause of the USSG, and therefore it only established a new right for petitioners sentenced under the residual clause of the ACCA. *See Brown*, 868 F.3d at 302 ("*Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.").

Therefore, the one-year statute of limitations under § 2255(f)(3), to which Petitioner argues he is entitled, is limited to petitioners sentenced under the residual clause of the ACCA. If Petitioner was sentenced under the USSG, he cannot assert a new right recognized in *Johnson*. Therefore, because Petitioner cannot assert the new right recognized in *Johnson*, Petitioner cannot utilize 28 U.S.C. § 2255(f)(3) which would have allowed him to file his claim within one year after *Johnson* was decided. *See Harris*, 2018 WL 1586431, at *2. Therefore, Petitioner must bring his claim under another subsection of 28 U.S.C. § 2255(f) and the only one that is available is subsection (f)(1). The statute of limitations for filing claims under 28 U.S.C. § 2255(f)(1) is one year from the final date of judgment. Because Petitioner was convicted in 1993 and his Motion (ECF No. 66) was filed well outside the one-year statute of limitations for filing his claim under 28 U.S.C. § 2255(f)(1), Petitioner's Motion (ECF No. 66) is untimely.

### C. Petitioner's Additional Arguments

In his untimely Response in Opposition to Respondent's Motion to Dismiss, Petitioner asserted several additional cases that are "more in line with [his] case than the *[Johnson]* case." (ECF No. 75.) First, Petitioner referenced *United States v. Mathias*, 136 S. Ct. 2249 (2016). The United State Supreme Court discussed the ACCA's 15-year mandatory minimum sentence on certain defendants under 18 U.S.C. § 924(e). *Mathias,* 136 S. Ct. at 2247. Petitioner pled guilty to a violation of 18 U.S.C. § 924(c). (ECF Nos. 1, 52.) Therefore, the holding in *Mathias* is irrelevant to Petitioner's case. Next, Petitioner referenced *United States v. Howell,* 838 F.3d 489 (5th Cir. 2016). The Fifth Circuit's decision in *Howell* is not binding on this court, whereas this court is bound by the aforementioned decisions in *Johnson*, *Beckles*, *Brown*, and *McNeal*. Finally, Petitioner mentioned the arguments of a criminal lawsuit filed in 2016. As the court observes that no final decision has resulted from the 2016 criminal lawsuit Petitioner mentions, there is no applicable binding law to discuss.

Finally, Petitioner filed a *pro se* Request for Appointment of Counsel. (ECF No. 60.) Because this court denied Petitioner's Motion to Vacate, this court finds that his request for appointment of counsel is moot.

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 66) and **GRANTS** Respondent's Motion to Dismiss (ECF No. 72).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

7

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 19, 2018
Columbia, South Carolina