# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Robert Kenneth Brinson, | ) | Civil Action No.: 5:92-cr-00387-JMC-1 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's second Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 82.) Petitioner seeks relief from his sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at 4.)

For the reasons stated below, the court **GRANTS** the Government's Motion to Dismiss (ECF No. 86) and **DENIES** Petitioner's second Motion to Vacate under § 2255 (ECF No. 82).

## I.     FACTS AND PROCEDURAL HISTORY

On August 5, 1992, Petitioner was indicted for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c). (ECF No. 1.) On June 15, 1993, Petitioner and the Government entered into a plea agreement by which Petitioner agreed to plead guilty to all charges in the Indictment. (ECF No. 52.) On October 1, 1993, Petitioner was sentenced to a total term of imprisonment of 207 months and five (5) years of supervised release for the combined counts. (*Id.*) Petitioner filed a Motion to Correct Sentence which was denied. (ECF Nos. 42, 48.) Petitioner did not appeal his conviction and sentence. On June 27, 2016, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 66), arguing that under *Johnson v. United States,* 576 U.S. 591 (2015), his sentence should be vacated. In *Johnson*, the United States

1

Supreme Court held that the residual clause of the definition of the term "violent felony" within the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague in violation of the Fifth Amendment Due Process Clause. *Johnson,* 576 U.S. at 606.  In part because the United States Court of Appeals for the Fourth Circuit had previously found that a bank robbery qualified as a "crime of violence" under the *force* clause of § 924(c)(3), which was unaffected by *Johnson*, the court denied Petitioner's first § 2255 Motion. (ECF No. 76 at 3-4.)

Petitioner has now filed his second Motion under § 2255, raising essentially the same argument in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of § 924(c)(3) is also unconstitutionally vague. The Government filed a Motion to Dismiss (ECF No. 86), to which Petitioner responded (ECF No. 89).

## I.     LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 2255(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1), (3).

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404

U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence).

## II.     DISCUSSION

Before filing a second or successive motion under § 2255, a petitioner must obtain from "the appropriate court of appeals an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(3)(A); 2255(h).  As an initial matter, Petitioner has not done so here, and Petitioner's second § 2255 Motion must therefore be dismissed for lack of jurisdiction.  *See, e.g., United States v. Anderson*, No. 0:04-cr-353-CMC, 2017 WL 5247826, at *2 (D.S.C. Nov. 13, 2017) ("The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional."); *White v. United States*, 53 F. Supp. 3d 830, 834 (D.S.C. 2014).

Even if the court considered Petitioner's substantive claim on the merits, however, *Davis* does not extend to Petitioner's case, and therefore cannot offer him relief as a matter of law.

The ACCA, under 18 U.S.C. § 924(c) establishes specific sentence enhancements for individuals who use or possess firearms while committing "crime[s] of violence or drug trafficking crime[s]."  The statute defines a "crime of violence" as "any offense that is a felony" and:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) . . . as the "residual clause."  *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).  Petitioner correctly argues that the § 924(c)(3)(B) residual clause was deemed void for vagueness by *Davis*, 139 S. Ct. 2319, 2336.  Petitioner now contends that his sentence under § 924(c) is unconstitutional after *Davis* struck down the validity of the residual clause.

3

The court disagrees. *Davis* did not affect the force clause of § 924(c). Petitioner's underlying conviction for bank robbery in violation of 18 U.S.C. § 2113(a), required, in part, a showing that he took or attempted to take bank property "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). And as the court explained in its prior order, the Fourth Circuit has held that a bank robbery conviction under 18 U.S.C. § 2113(a) qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3). (ECF No. 76 at 4 (citing *McNeal v. United States*, 818 F.3d 141, 152 (4th Cir. 2016)).) Evidently, such a violation of § 2113(a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," thereby falling squarely within the statutory bounds of 18 U.S.C. § 924(c)(3)(A). *McNeal*, 818 F.3d at 157.

The same reasoning applies to Petitioner's armed bank robbery conviction under 18 U.S.C. § 2113(d). This offense requires an element additional to bank robbery described in § 2113(a): that the defendant, in committing or attempting to commit the bank robbery, "assault[ed] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). In effect, § 2113(d) requires proof that the defendant actually used force. Bank robbery under § 2113(a) is therefore a lesser included offense to armed bank robbery under § 2113(d), and both offenses plainly constitute "crimes of violence" under the force clause of § 924(c)(3)(A). *Id*. Because Petitioner was sentenced under the *force clause* rather than the *residual clause* of the ACCA, any argument that his sentence was rendered unconstitutional post-*Davis* fails as a matter of law.

### III.     CONCLUSION

After a thorough review, the court **GRANTS** the Government's Motion to Dismiss (ECF No. 86) and **DENIES** Petitioner's second Motion to Vacate under § 2255 (ECF No. 82).

## IV.     CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 12, 2022
Columbia, South Carolina